IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APRIL CLARK,**

      **Plaintiff,**

v.

      Civil Action 2:23-cv-4202
      Chief Judge Algenon L. Marbley
      Magistrate Judge Kimberly A. Jolson

**SUSAN VILLILIO, et al.,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Susan Villilio, Erica Jones, Karly Tennant, and the Alcohol, Drug, and Mental Health Board of Franklin County ("ADAMH Board"). This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

In her Complaint, Plaintiff names Susan Villilio, Erica Jones, Karly Tennant, and the Alcohol, Drug, and the ADAMH Board as defendants. (Doc. 1-1 at 2). Plaintiff's claims center on Defendant Villilio filing false accusations about Plaintiff in a "frivolous" lawsuit in Ohio Probate Court. (*Id.* at 4). Plaintiff says that Villilio, in collusion with Jones and Tennant, "defamed

2

Plaintiff['s] professional name by filing statements that are untrue in efforts to cause harm." (*Id.*). Plaintiff says that these actions were taken as retaliation for her "guardian advocacy." (*Id.*). As relief, Plaintiff seeks damages of $100,000 per Defendant. (*Id.* at 3).

Plaintiff's Complaint fails to state a claim upon which relief can be granted. When directed to describe the federal civil statue that gives rise to her cause of action, Plaintiff wrote 18 U.S.C. § 287 (false, fictitious, or fraudulent claims). (*Id.*). But 18 U.S.C. § 287 is a criminal statute; Plaintiff, as a private citizen, is not permitted to sue under a criminal statute. *See Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [plaintiff's] claim pursuant to [two criminal statutes] because [he] has no private right of action under either of these criminal statutes."). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)).

The remainder of Plaintiff's claims—slander, libel, defamation, frivolous conduct, and negligence—arise under state law. (Doc. 1-2). But Plaintiff acknowledged that she and all Defendants were citizens of Ohio, so the Court lacks diversity jurisdiction over this action. (*Id.; see* Doc 1-1 at 1–2); *see* 28 U.S.C. § 1332(a); *Smith v. Donald*, 2:17-cv-496, 2017 WL 2619338, at *3 (S.D. Ohio June 16, 2017) (dismissing claims where a Tennessee resident sued other Tennesseans, because complete diversity did not exist between all adverse parties and the plaintiff's only remaining claims rested in state law). And because Plaintiff has not alleged a plausible basis for original jurisdiction, the Court also lacks pendant jurisdiction for the remaining claims arising under state law. (Doc. 1-2); *see* 28 U.S.C. § 1367(a); *Brooks v. Rothe*, 577 F.3d

3

701, 709 (6th Cir. 2009) (noting that when all federal claims are dismissed before trial, state law claims "generally should be dismissed as well"). Accordingly, Plaintiff's Complaint fails to state a claim on which relief can be granted and should be **DISMISSED**.

### III.     CONCLUSION

Plaintiff's request to proceed *in for a pauperis* is **GRANTED**. Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   IT IS SO ORDERED.

Date: January 25, 2024                /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE